**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1681
_____

WILNICK DORVAL,
Appellant

v.

SAPPHIRE VILLAGE CONDOMINIUM OWNERS ASSOCIATION; SIDNEY
JARVIS; MICHAEL BAIRD; NICHOLAS OVERMYER; RICHARD W. O'DELL;
TODD FARRAND; MICHELE LANGE; MARK MAROLF; JOANNE LEVESQUE;
CLARENCE LEVESQUE; BERNARD VANSLUYTMAN; LOURDES CORDERO;
THOMAS CORDERO; MADLON JENKINS-RUDZIAK; MATTHEW SWOPE; NORA
IBRAHIM; MOUSSA MUSTAFA; SARAH WHITE; ELLEN HANSEN; JAMES
KOULOURIS; CLAUDIA A. WOLDOW; JAQUELINE LINDBERG; JONATHON
MORGAN; MICHAEL FITZSIMMONS; BRAD BURNS; DONALD CASHIO; JACK
TINSLEY; MELISSA TINSLEY
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Civil Nos. 3-16-cv-00050; 3-18-cv-00015; 3-18-cv-00029;
3-18-cv-00032; 3-19-cv-00023)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 11, 2020
_____

Before: SMITH, Chief Judge, CHAGARES and MATEY, Circuit Judges

(Opinion filed: December 16, 2020)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

_____

CHAGARES, Circuit Judge.

Wilnick Dorval filed five lawsuits claiming that the Sapphire Village Condominium Owners Association (the "Association") and several of his neighbors discriminated against him and made excessive noise in order to make him move out of the condominium complex where he lived. The District Court entered judgment for the defendants on Dorval's claims after a consolidated bench trial. Dorval now appeals the court's order, which we will affirm.

I.

We write solely for the parties and so recite only the facts necessary to our disposition. Wilnick Dorval is a lawyer who has lived in the Sapphire Village Condominium Complex, on the island of St. Thomas, since October 2015. Less than a month after Dorval moved in, some of his neighbors complained of noises coming from his unit. In early 2016, Dorval similarly began asserting that his neighbors were being excessively noisy. Dorval maintains that the Association, various unit owners, and their tenants proceeded to harass him over the next four years by slamming their screen doors loudly, failing to fix their broken screen doors, threatening him, assaulting him, entering his unit without his consent, and scheduling construction near his unit in retaliation for his noise complaints. Dorval alleges that his neighbors harassed him in these ways because he is black and from Haiti.

Dorval filed five cases in the District Court of the Virgin Islands based on this alleged misconduct. While some of Dorval's numerous claims did not survive motion

2

practice, those that did include civil rights claims alleging violations of the Fair Housing Act of 1968, 42 U.S.C. § 3601 et seq., 42 U.S.C. §§ 1981, 1982, 1985, and 2000a, the Fourth and Fourteenth Amendments, and various Virgin Islands laws prohibiting unlawful entry, trespass, invasion of privacy, conversion, private nuisance, negligence, defamation, tortious interference with lease agreement, and intentional infliction of emotional distress.

The District Court held a consolidated bench trial on Dorval's remaining claims from January 6–8, 2020. Dorval testified in his case-in-chief and on rebuttal, and he offered several video recordings into evidence to support his claims. On February 26, 2020, the District Court entered judgment for the defendants on all of Dorval's remaining claims. The court found that Dorval failed to connect the events depicted in his videos with the defendants at trial, and that the video evidence did not reveal excessive noise or harassment regardless. The District Court also credited testimony from other witnesses indicating that the Association adequately investigated Dorval's noise complaints, scheduled the construction at issue before Dorval became a tenant, and notified Dorval's landlord when its employees needed to enter Dorval's unit. The court accordingly concluded that Dorval could not prevail on any of his claims. Dorval timely appealed the District Court's order.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and 48 U.S.C. § 1612(a). We have jurisdiction under 28 U.S.C. § 1291. On appeal from a bench trial, we review a district court's findings of fact for clear error and its conclusions of

3

law de novo. VICI Racing, LLC v. T-Mobile USA, Inc., 763 F.3d 273, 282–83 (3d Cir. 2014). A finding of fact is clearly erroneous when it is "completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." Berg Chilling Sys., Inc. v. Hull Corp., 369 F.3d 745, 754 (3d Cir. 2004). We review a court's evidentiary rulings for abuse of discretion. United States v. Lacerda, 958 F.3d 196, 209 (3d Cir. 2020).

III.

Dorval's issues on appeal fall into three categories. He claims that the District Court: (1) erred by entering judgment for the defendants on the claims presented at trial, given the evidence in the trial record; (2) abused its discretion by excluding from evidence at trial excerpts from the deposition of defendant Madlon Jenkins-Rudziak and the supplemental interrogatory response of defendant Michele Lange; and (3) prejudicially limited Dorval's cross examination of defendant Michael Fitzsimmons regarding two letters in which Fitzsimmons threatened to sue Dorval's landlord.

Dorval has not properly preserved any of these issues, though. He does not cite to the parts of the record that support his arguments. See Fed. R. App. P. 28(a)(8)(A) (mandating that an appellant's argument contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); Fed. R. App. P. 28(e) ("A party referring to evidence whose admissibility is in controversy must cite the pages of the appendix or of the transcript at which the evidence was identified, offered, and received or rejected."); L.A.R. 28.3(c). We typically decline to address arguments that are not properly preserved. Bastardo-Vale v. Att'y Gen., 934

4

F.3d 255, 268 (3d Cir. 2019) (en banc); see also Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 145–47 (3d Cir. 2017) (noting that inadvertent failure to properly preserve an issue pursuant to Rule 28 constitutes forfeiture). We see no reason to depart from that practice here, especially considering that Dorval is a lawyer.

Dorval argues that he has preserved his issues because his briefs identify whether the issue arose during his testimony or a defendant's, and because the entire transcript is relevant to show the District Court's errors. But Dorval's testimony alone spanned the first two days of trial and part of the third, covering more than half of the 731-page trial transcript. "A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record." DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999). Dorval's briefs do not.

Even if we exercised our discretion to consider the merits of Dorval's arguments, there would be no basis for reversal. None of the District Court's factual findings are clearly erroneous in light of Dorval's video evidence. Dorval's testimony would not suffice to require reversal either, as the District Court credited the contrary testimony of other witnesses. We treat that decision with considerable deference, and Dorval's remaining evidence does not leave us with a firm conviction that the District Court erred. See Alimbaev v. Att'y Gen., 872 F.3d 188, 195 (3d Cir. 2017).

Nor did the District Court abuse its discretion by excluding the evidence noted above or limiting Dorval's cross-examination of Fitzsimmons. Dorval offered the supplemental interrogatory response and deposition excerpts only to prove that defendant Brad Burns was a tenant of Jenkins-Rudziak, and that the Association was involved in the

5

rental process between unit owners and their tenants. These facts were tangentially relevant at best, and they would not have affected the court's conclusion that Burns did not make excessive noise or discriminate against Dorval. And because Fitzsimmons wrote the letters threatening litigation in his capacity as the Association's legal counsel, the letters' contents could not form the basis for a successful defamation claim under Virgin Islands law. See Restatement (Second) of Torts § 587 ("A party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding . . . if the matter has some relation to the proceeding."); Kendall v. Daily News Pub. Co., 55 V.I. 781, 787 (V.I. 2011) (indicating that the Virgin Islands follows the Restatement (Second) of Torts).

## IV.

For the foregoing reasons, we will affirm the order of the District Court.